**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Janis Darlene FLOYD, Defendant–Appellant.**

No. 95–50539.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1996.

Decided Feb. 25, 1997.

Kirt J. Hopson, Downey, CA, for the defendant-appellant.

Michael Terrell, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before: O'SCANNLAIN, T.G. NELSON, and HAWKINS, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether a criminal defendant who enters an unconditional guilty plea mistakenly believing she has a right to appeal may nevertheless appeal her conviction after sentencing is imposed.

I

Janis Darlene Floyd was stopped and searched by Drug Enforcement Agency agents at Los Angeles International Airport. She was found to be carrying a large package of cocaine and cocaine base, was arrested and later charged with two counts of possession

of cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Floyd initially pled not guilty to the two charges, and moved to suppress the evidence discovered during the search of her person. The district court denied the motion to suppress.

Several weeks after the district court refused to reconsider its ruling, Floyd changed her plea to guilty on both counts. She did not have a plea agreement with the government. Before accepting the guilty plea, the district court engaged Floyd, in the presence of her counsel, in a colloquy to ensure that all of the requirements of Federal Rule of Criminal Procedure 11 were satisfied. The court determined that Floyd understood the nature of the charges against her, the mandatory minimum and maximum penalties they carried, her rights to trial by jury, to confront and to cross-examine witnesses, and to decline to testify, among others. The court also determined that Floyd was competent to enter her plea, that it was knowing and voluntary, and that there was a factual basis for it.

The court did not explicitly recite that Floyd's guilty plea constituted a waiver of her right to appeal any rulings prior to the plea. Its only mention of a right to appeal referred to the government: "You understand the government has a right to appeal from any sentence I give?" The court also asked: "Finally, you understand that if the sentence is more severe than you thought, you don't have a right to revoke the plea?" Neither Floyd nor her counsel made any mention of appealing the denial of the suppression motion or any other matter.

Approximately three months later, at Floyd's sentencing hearing, her counsel did mention appealing the denial of the suppression motion. Immediately after the court imposed the mandatory minimum sentence of 10 years imprisonment, the following exchange occurred between the court, the U.S. Attorney (Mr. Terrell) and Floyd's counsel (Mr. Seiden):

THE COURT: Is there anything further?

MR. SEIDEN: No, Your Honor; thank you.

MR. TERRELL: Just the formal notice of her right to appeal, Your Honor.

THE COURT: You do of course have the right to appeal it.

I assume that that right will be exercised, and, Mr. Seiden, if you're not going to do it, you want to make sure that gets pursued.

. . . .

Mr. Seiden, you're welcome if you want to.

MR. SEIDEN: Just briefly, Your Honor.

I will be filing a notice of appeal in this matter, pursuing the appeal with respect to the denial of the suppression motion.

THE COURT: Surely.

MR. SEIDEN: And perhaps even with respect to the [application of the] safety-valve provision [regarding the mandatory minimum sentence]. . . .

The government did not object to the mention of the appeal of the suppression motion.

Floyd filed a timely notice of appeal, claiming that the district court erred in denying her suppression motion. The government thereupon moved to dismiss the appeal for lack of jurisdiction because Floyd's plea was not a Rule 11(a)(2) conditional guilty plea. Floyd concedes that her plea did not satisfy Rule 11(a)(2), but argues that it was involuntary because she thought she had a right to appeal from the denial of her suppression motion. She asks this court to remand her case to the district court so she may plead anew.

## II

This court has jurisdiction to hear the merits of Floyd's appeal only if she entered a valid conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2).[1] *United States v. Carrasco*, 786

1. Rule 11(a)(2) states:
 With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determi-

F.2d 1452, 1453–54 (9th Cir.1986). An *unconditional* guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects. *United States v. Cortez*, 973 F.2d 764, 766 (9th Cir.1992). As the Supreme Court has stated:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea. . . .

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

 The requirements of Rule 11(a)(2) are read strictly. *Cortez*, 973 F.2d at 766; *see, e.g., United States v. Echegoyen*, 799 F.2d 1271, 1275–76 (9th Cir.1986). Unless Floyd's plea conformed with that Rule's specific requirements, we have no jurisdiction to hear her appeal. Hence, we cannot reach the merits of her conviction.

### III

 Floyd contends, nevertheless, that her unconditional guilty plea was involuntary and that we have jurisdiction as to that issue. We have twice before considered whether guilty pleas not meeting the requirements of Rule 11(a)(2) were invalid because involuntary. *Cortez*, 973 F.2d at 767–69; *Carrasco*, 786 F.2d at 1453–55. In both cases, there was evidence at the time of the entry of the plea that the defendant thought he or she could appeal from the guilty plea. Moreover, in *Carrasco*, the exchanges in the courtroom at the guilty plea hearing were ambiguous so that Carrasco reasonably could have believed

that her plea was conditional. *Carrasco*, 786 F.2d at 1455. In *Cortez*, the courtroom exchanges at the guilty plea hearing reveal that defense counsel, the government, and even the district court thought that Cortez could appeal from entry of the plea. *Cortez*, 973 F.2d at 769.

*Cortez* and *Carrasco* have no application to the facts before us. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 681, 130 L.Ed.2d 613 (1994). Though the exchange at the sentencing hearing was ambiguous regarding whether she could appeal the suppression motion, it occurred over three months after Floyd entered her unconditional guilty plea. While we are sympathetic to Floyd's predicament, she points to no evidence in the record that her plea was involuntary at the time that she entered it. Her newly-expressed desire to appeal three months later cannot somehow relate back to her plea hearing. That her plea was voluntary when entered is controlling;[2] that Floyd may have changed her mind later does not render her plea invalid.[3]

DISMISSED.

---

nation of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea. Fed.R.Crim.P. 11(a)(2).

**2.** We have consistently held that Rule 11 does not require a district court to inform a defendant that, by pleading guilty, she is waiving her right to appeal any antecedent rulings or constitutional violations. *Cortez*, 973 F.2d at 768; *see, e.g., United States v. Navarro–Botello*, 912 F.2d 318, 321 (9th Cir.1990), *cert. denied,* 503 U.S. 942,

112 S.Ct. 1488, 117 L.Ed.2d 629 (1992); *Rodriguez v. Ricketts*, 798 F.2d 1250, 1254 (9th Cir. 1986), *cert. denied,* 479 U.S. 1057, 107 S.Ct. 937, 93 L.Ed.2d 987 (1987); *accord United States v. Bell*, 966 F.2d 914, 917 (5th Cir.1992); *United States v. Fisher*, 772 F.2d 371, 375 (7th Cir.1985).

**3.** Floyd has not raised, nor do we decide, whether she may have viable claims under 28 U.S.C. § 2255 regarding ineffective assistance of counsel.