124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shade FABIYI, Defendant-Appellant.
 No. 96-10557.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1997.**
Decided Sept. 19, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CR-95-00558-RMB; Richard M. Bilby, Chief Judge, Presiding.
 Before: ALDISERT***, CHOY, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal by Shade Fabiyi requires us to determine whether (1) the district court erred in denying Appellant's motion to suppress evidence seized in a strip search on the Mexican border because customs inspectors lacked reasonable suspicion that she was attempting to smuggle narcotics; (2) she waived her right to appeal the above issue by entering an unconditional guilty plea; and (3) the Court erred in denying her relief pursuant to the "safety valve" provisions set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Appellant appeals her conviction and sentence for the possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and importation of heroin in violation of 21 U.S.C. § 952(a).
 
 
 3
 The parties are familiar with the facts and we need not repeat them in detail. Appellant was questioned by customs officials as she returned from Mexico at the Nogales, Arizona, Port of Entry. She told the officials she was a school teacher from New York, that she was in Tucson on vacation and that she was returning from dinner at a Chinese restaurant in Nogales, Mexico. The inspector considered it unusual for a teacher from New York to be on vacation in November during the height of the school year, and he thought it odd that she would go to Mexico for Chinese food when Tucson has many Chinese restaurants. He noticed that Appellant frequently shifted her weight back and forth and worked her way toward an end of the table.
 
 
 4
 The inspector was suspicious and he asked to inspect a black professional satchel and small purse that Appellant was carrying. The inspector discovered a folder that contained airline tickets indicating foreign travel to Singapore, Cambodia and Mexico. He also found candy from Aero Mexico airline, a creamer from KLM (a European airline), a condom and a container of Vaseline. The inspector suspected that Appellant might be smuggling drugs on her person and he ordered a strip inspection. The strip inspection revealed two packages of heroin concealed in Appellant's girdle.
 
 
 5
 Appellant was charged with importing heroin and possession of heroin with intent to distribute. The district court held an evidentiary hearing, and at the conclusion of the hearing the court denied Appellant's motion to suppress, stating:
 
 
 6
 [I]t's the finding of the Court that for the purposes of determining whether there was real suspicion, I am not going to consider the fact that there was allegedly Vaseline and condoms in her purse. Had they been there they were of such significance that I am sure that they would have--they should have been maintained.
 
 
 7
 However, I do believe that the search was probably saved by the fact that she did state she was a teacher from New York in Arizona during the school year time. It was nighttime, she was returning by herself from Mexico for going down for Chinese food, that she was alone, that she clearly was moving around the table in such a way as shifting back and forth as would cause a reasonable Customs Officer or Immigration Officer to be suspicious.
 
 
 8
 And when they looked in her bag or in the folder, the satchel, and saw all of the airplane tickets, I believe that justified, under the circumstances, with her accent, with her being from Africa, that, and in light of what the history is of the heroin trade, that was enough to justify the strip search.
 
 
 9
 RT 3/26/96, 76-77.
 
 
 10
 Were we to meet the merits of the suppression argument, we would find that the government met the test of demonstrating the "real suspicion" required for strip searches. See United States v. Leverette, 503 F.2d 269 (9th Cir.1974). However, we have jurisdiction to hear the merits of Appellant's challenge to her conviction only if she entered a conditional guilty plea pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure. She entered no such plea. She entered an unconditional guilty plea, which constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects. United States v. Floyd, 108 F.3d 202, 204 (9th Cir.1997). The following colloquy clearly demonstrates the unconditional nature of the plea:
 
 
 11
 THE COURT: If you went to trial on this case and if you were found guilty you would have the right to appeal any conviction. Now [defense counsel], ... I assume that Ms. Fabiyi retains her right to appeal the sentence?
 
 
 12
 [COUNSEL]: That would be my understanding, Judge.
 
 
 13
 THE COURT: Okay. So you would have the right, it appears Ms. Fabiyi, to appeal any sentence you might receive in this case, but you would not have the right to appeal your conviction since you are pleading guilty instead of going to trial. Do you understand that?
 
 
 14
 DEFENDANT: Yes. I do. RT 4/5/96, 8-9. Accordingly, we lack appellate jurisdiction over Appellant's challenge to the district court's suppression ruling.
 
 
 15
 Turning now to Appellant's sentencing challenge, we agree with the district court that Appellant is not entitled to the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The "safety valve" provides that, in certain circumstances, the court shall impose a sentence pursuant to guidelines without regard to the statutory mandatory minimum. This provision applies only if the court finds at sentencing that:
 
 
 16
 [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 17
 18 U.S.C. § 3553(f)(5).
 
 
 18
 Appellant said she was given instructions to fly to Hermosillo, Mexico, to pick up heroin at a hotel, but claimed she could not recall the name of the hotel. She also said she received instructions from a girlfriend but refused to provide the girlfriend's name. Appellant took a polygraph examination and the results indicated she was truthful in some areas but deceptive concerning others, including the full names and identities of her associates. She also said she acquired a plane ticket by pawning her jewelry, but did not know where she pawned it, did not have the pawn ticket, did not know where she got the airplane ticket and did not know which airline she flew on. The court continued the sentencing several times to afford Appellant an opportunity to provide truthful and complete information regarding the offense. Upon a review of the entire testimony we are satisfied with the district court's determination that she is not entitled to "safety valve" consideration.
 
 
 19
 The appeal from the judgment of conviction is DISMISSED for lack of jurisdiction and the judgment of sentence is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3