132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey TROTTER, Defendant-Appellant.
 No. 97-50013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-96-00621-JGD; John G. Davies, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jeffrey Trotter appeals his 120-month sentence imposed by the district court after he pleaded guilty to possession of, and conspiracy to possess, cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Trotter contends that the district court clearly erred by denying him relief under the safety valve provision of U.S.S.G. § 5C1.2. This contention lacks merit.
 
 
 4
 If a defendant in a drug trafficking case satisfies the five criteria of section 5C1.2, the court may impose a sentence below the applicable mandatory minimum. See U.S.S.G. § 5C1.2 (1995). We review for clear error the district court's factual determination that a defendant is not eligible for relief under section 5C1.2. See United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996), cert. denied, 117 S.Ct. 742 (1997). At issue here is the fifth criterion of section 5C1.2, which requires the defendant to truthfully provide the government with "all information and evidence ... concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.J. § 5C1.2(5). This includes all information regarding "other parties to the crime, such as the source who provided defendant with the drugs and other persons in the chain of distribution, if known." United States v. Shrestha, 86 F.3d 935, 939 (9th Cir.1996).
 
 
 5
 Here, Trotter maintained he had no information regarding the identity of those who supplied him with ten kilograms of cocaine, and he declined to disclose precisely where or to whom he was about to deliver the cocaine when apprehended. Trotter also declined to reveal how he intended to contact his suppliers after he delivered the drugs in order to collect a promised fee of $5000. Based on these obvious gaps in Trotter's disclosure, and his failure to explain them, the district court did not clearly err by finding Trotter ineligible for relief under section 5C1.2. See Ajugwo, 82 F.3d at 929.
 
 
 6
 Trotter next contends that the district court erred by denying his motion to suppress evidence seized in an unconstitutional search and arrest. This contention lacks merit because Trotter entered an unconditional plea of guilty which "constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." United States v. Floyd, 108 F.3d 202, 204 (9th Cir.1997).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3