145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Scott Leone WEST, Defendant-Appellant.
 No. 95-50350.
D.C. No. CR-93-00281-CBM.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1998.***
Decided May 21, 1998.
 
 Appeal from the United States District Court for the Central District of California Consuelo B. Marshall, District Judge, Presiding.
 Before GIBSON,** SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. By entering an unconditional plea of guilty, West waived his right to appeal the district court's denial of his motion to suppress. See United States v. Floyd, 108 F.3d 202, 204 (9th Cir .1997).
 
 
 3
 2. The district court did not abuse its discretion by denying West's motion to withdraw his guilty plea because West did not show a "fair and just reason" for allowing withdrawal. Fed.R.Crim.P. 32(e). West's argument that his attorney failed to adequately explain the agreement to him is unconvincing. West signed the plea agreement, which stated that his attorney carefully reviewed the agreement with him. Furthermore, the district court questioned West extensively about his understanding of the plea agreement. West's claim that his attorney misinformed him about the length of sentence he would receive is unavailing because this circuit has consistently held that "an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea ." United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990); accord United States v. Michlin, 34 F.3d 896, 899 (9th Cir.1994). Finally, West's claim that his attorney led him to believe a guilty plea was his only choice is questionable. West's attorney told him that "even though he had a triable case, it was still in his best interests to plead guilty to the single count plea offer from the government." This statement is merely an offer of strategical advice to West from his attorney. Upon hearing this advice, West's belief "that he had no choice but to enter a plea of guilty" was unreasonable. The district court did not abuse its discretion by determining that West failed to present a fair and just reason to allow him to withdraw his guilty plea.
 
 
 4
 3. The district court did not err in including the methamphetamine discovered in West's codefendant's vehicle, which was parked in West's automotive shop, as relevant conduct for sentencing purposes. See U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.3 (1994). The stipulated facts of West's plea agreement state that "West and Wright jointly operated the automotive shop for the purpose of storing and distributing methamphetamine," and that "Wright knew of, and intended to distribute the 1,031.7 grams of methamphetamine found in [his vehicle]." Wright's act of storing the methamphetamine for later distribution was "in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). West claims that he could not have reasonably foreseen that Wright would hide methamphetamine in his personal vehicle. However, we conclude that West should have known that Wright could have stored methamphetamine in many places in the automotive shop. Therefore, the district court did not clearly err by counting the methamphetamine found in Wright's vehicle as relevant conduct.
 
 
 5
 4. West argues for the first time on appeal that the district court erred by assuming that the methamphetamine found in the automotive shop was D-methamphetamine rather than L-methamphetamine. West's argument on this issue is foreclosed by the Ninth Circuit's decision in United States v. Scrivner, 114 F.3d 964, 967-70 (9th Cir.1997).
 
 
 6
 5. West is barred from raising his ineffective assistance of counsel claim on direct appeal. See United States v. Andrews, 75 F.3d 552, 557 (9th Cir.), cert. denied, 517 U.S. 1239, 116 S.Ct. 1890, 135 L.Ed.2d 183 (1996). The factual record is not adequately developed as to why West's attorney failed to raise the issue below. See United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). Furthermore, West's legal representation was not so inadequate that it obviously denied him his Sixth Amendment right to counsel. See United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997) (holding that an attorney's failure to challenge the type of methamphetamine did not amount to ineffective assistance of counsel).
 
 
 7
 6. The district court did not err by imposing a two-level enhancement for possessing a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) because it is not "clearly improbable that the weapon[§ were] connected with the offense." U.S.S.G. § 2D1.1 application note 3 (1994). The firearms' location in a locked container does not invoke the "clearly improbable" exception. Cf. United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990) (holding that the "clearly improbable" exception of section 2D1.1(b)(1) is not invoked when authorities discover an unloaded handgun in the trunk of the defendant's vehicle). Furthemore, the firearms' unloaded condition when found does not render the section 2D1.1(b)(1) enhancement inapplicable. See id. at 94. West admitted in the stipulated facts that he had access to the firearms, and the presentence report indicated that the guns were stored in the same bin as a scale and that other drug paraphernalia was discovered in close proximity to the firearms. Therefore, it was not "clearly improbable that the weapon[§ were] connected with the offense." U.S .S.G. § 2D1.1 application note 3 (1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 * The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4