UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4288

ANTONIO LAMAR STANTON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
C. Weston Houck, Chief District Judge;
Falcon B. Hawkins, Senior District Judge.
(CR-96-948)

Submitted: October 29, 1999

Decided: December 20, 1999

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Sean Kittrell, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Lamar Stanton appeals his convictions and 120-month sentence imposed after he pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A)(iii) (West 1994 & Supp. 1999), using or carrying a firearm in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999), and two counts of possession of stolen firearms in violation of 18 U.S.C.A. §§ 922(j), 924(a)(2) (West Supp. 1999). Stanton's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Stanton filed a pro se supplemental brief, as amended, commenting on counsel's argument and challenging the legality of the search of his apartment. Finding no reversible error, we affirm.

Counsel questions whether the district court properly concluded that there was a factual basis supporting Stanton's guilty plea to the § 924(c) charge. See Fed. R. Crim. P. 11(f). We review for an abuse of discretion the district court's determination that a sufficient factual basis exists to support a guilty plea. See United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (citing United States v. Morrow, 914 F.2d 608, 611, 613 (4th Cir. 1990)).

To find a factual basis for a § 924(c) violation, the court must be satisfied that "all of the elements of [the predicate] offense are proved and found beyond a reasonable doubt." United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997). The court also must be satisfied that Stanton (1) used or carried a firearm, and (2) did so during and in relation to a drug trafficking offense. See Mitchell, 104 F.3d at 652. Our review of the plea agreement and the transcript of the hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure discloses that the district court did not abuse its discretion in concluding that a factual basis supported Stanton's plea to using or carrying a firearm in violation of § 924(c).

2

Stanton claims in his pro se supplemental brief that the search of his apartment was illegal. Stanton's claim is foreclosed by his valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Cain, 155 F.3d 840, 842 (7th Cir. 1998) (finding that Fourth Amendment claim is non-jurisdictional); United States v. Floyd, 108 F.3d 202, 203-04 (9th Cir. 1997) (same).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Stanton's conviction and sentence. We also deny his motion to raise diminished capacity, see U.S. Sentencing Guidelines Manual § 5K2.13 (1998), under 28 U.S.C.A.§ 2255 (West Supp. 1999), on the ground that § 2255 requires the motion to be filed in the court which imposed sentence. See 28 U.S.C.A. § 2255. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3