**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Betty Julie DUNKLE, Defendant–Appellant.**

**No. 00–50257.**

**D.C. No. CR–98–02169–NAJ.**

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2001 *.
Decided May 10, 2001.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

MEMORANDUM **

■ Dunkle claims her counsel was constitutionally ineffective by failing to relay the government's initial plea offer in a timely fashion. However, she later entered an unconditional guilty plea. A guilty plea is "a break in the chain of events which has preceded it in the criminal process," *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), and generally erases claims of constitutional violations arising before the plea. *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989). A defendant is then limited to attacking the voluntary and intelligent nature of the plea itself. *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (quoting *Tollett*, 411 U.S. at 267, 93 S.Ct. 1602). When a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea depends on whether a counsel's advice was deficient. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

■ Dunkle, however, does not claim that her counsel's advice was inadequate in any way with respect to the plea she entered; her complaint is only that she lost the benefit of the better bargain. We have previously explained that a defendant has no constitutional right to a plea bargain, and may be forced to choose between preserving a constitutional claim and pleading guilty. *See Montilla*, 870 F.2d at 553. Dunkle's ineffective assistance of counsel claim does not attack the voluntary or intelligent nature of her plea, but instead relates to an earlier alleged constitutional deprivation. Her claim has therefore been waived by her subsequent guilty

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plea. *Tollett,* 411 U.S. at 267, 93 S.Ct. 1602.

AFFIRMED.