UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerome Anthony GRIGSBY,
Defendant–Appellant.

No. 02–50400.

D.C. No. CR–01–00686–MMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**842**

Ronald L. Cheng, Esq., Kevin Scott Rosenberg, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Richard D. Rome, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Jerome Anthony Grigsby appeals his conviction and 84–month sentence imposed following his guilty-plea for possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we dismiss in part and affirm in part.

Grigsby contends that the district court erred by denying his motion to suppress evidence seized from the automobile he was driving. Because Grigsby knowingly, intelligently, and voluntarily entered an unconditional guilty plea, we lack jurisdiction to consider this contention, and dismiss this part of the appeal. *See United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997) (dismissing for defendant's failure to strictly comply with Federal Rule of Criminal Procedure 11(a)(2) requirements for entering a conditional guilty plea).

Grigsby also contends that the district court erred by imposing a two-level enhancement to his offense level for obstruction of justice pursuant to United States

Sentencing Guidelines § 3C1.1.[1] Upon review of the entire record, we conclude that the district court did not clearly err by imposing the two-level obstruction enhancement, based on the perjured statement contained in Grigsby's declaration in support of his motion to suppress. *See United States v. Ancheta,* 38 F.3d 1114, 1117–19 (9th Cir.1994).

DISMISSED in part, and AFFIRMED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the district court determined that the appropriate offense level was greater than 20, the appeal waiver contained in the plea agreement does not preclude our consideration of this issue.

