**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus Gustavo DURAZO, Defendant—Appellant.**

No. 02–50460.

D.C. No. CR–01–00865–NM.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 10, 2003.

Ronald L. Cheng, Lizabeth A. Rhodes, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Orange, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM**

Defendant Jesus Gustavo Durazo pleaded guilty to conspiracy to possess with intent to distribute, and possession with intent to distribute, methamphetamine. On appeal he challenges (1) the district court's denial of his motion to suppress and (2) the court's finding that he was ineligible for the "safety valve" provisions of U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).

■ 1. We lack jurisdiction to consider Defendant's argument concerning the motion to suppress, because on this record his guilty plea was unconditional. *See* Fed. R.Crim.P. 11(a)(2) (establishing procedure for conditional guilty plea to reserve in writing, with consent of the government, right to appeal adverse determination of specified pretrial motion); *United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997) (holding that ruling on motion to suppress is not reviewable on appeal unless preserved under Rule 11(a)(2)). It is clear from the record that Defendant knowingly and intelligently entered the unconditional guilty plea.

■ 2. The district court found that Defendant had not truthfully provided to the government all information and evidence that he had about the conspiracy. We review for clear error a finding of ineligibility for a safety-valve adjustment. *United States v. Real–Hernandez,* 90 F.3d 356, 360 (9th Cir.1996). A defendant bears the burden of establishing compliance with the requirement to supply the government truthfully with all information and evidence the defendant has about the offense,

which is the requirement contained in U.S.S.G. § 5C1.2(5). *United States v. Nelson,* 222 F.3d 545, 550 (9th Cir.2000).

The district court's finding is not clearly erroneous. Defendant gave the government misleading information and claimed only low-level participation in the conspiracy despite evidence of his greater knowledge of the transactions involved.

■ Durazo's argument that the district court erred by failing to grant his request for an evidentiary hearing to establish the truthfulness of his proffer is unavailing. The court did not abuse its discretion, as Durazo had no right to an evidentiary hearing on this issue. *Real–Hernandez,* 90 F.3d at 362.

Moreover, the district court's three-level downward departure for acceptance of responsibility is consistent with the finding of ineligibility for the safety valve. A defendant can plead guilty in a timely fashion to the specific offense with which he is charged, but still not reveal fully and truthfully *all* information and evidence about the whole conspiracy.

DISMISSED in part and AFFIRMED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.