such aliens to remain in the United States).

## PETITION FOR REVIEW DENIED.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Russell Michael ANDERSON, aka Jamal Anderson, Defendant—Appellant.**

No. 04–10547.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Decided Jan. 18, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Emory T. Hurley, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gregory A. Bartolomei, Esq., Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: NOONAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Russell Michael Anderson appeals from the sentence of 51 months' imprisonment imposed following his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because we find that Anderson has waived his right to appeal his sentence, we dismiss the appeal.

On October 17, 2000, Anderson was arrested after police conducting a traffic stop discovered a gun under the seat of the car in which he was riding. Anderson was subsequently indicted and charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Anderson pled guilty pursuant to a plea agreement under which he "waived any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence" as long as he received a sentence in accordance with the agreement.

After the district court accepted the plea, but before Anderson was sentenced, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Anderson raised several *Blakely* objections to the Probation Office's calculation of his criminal history score. The district court rejected Anderson's arguments and sentenced Anderson to 51 months' imprisonment—the lowest available sentence under the Guidelines range calculated by the Probation Office. After the district court imposed sentence, the following colloquy ensued:

> THE COURT: At this time I would advise you of your right to appeal.... A review of the plea agreement, however, suggests that if the court imposes a sentence consistent with this plea agreement, then you would waive your right to appeal. Is that correct ... ?
>
> [ANDERSON'S COUNSEL]: Yes, Judge, except in the *Blakely* arguments.
>
> THE COURT: Well, you never waive your right to appeal an unlawful sentence.

Anderson contends that this statement by the district court was sufficient to overcome the explicit appellate waiver in his plea agreement and allow him to raise *Booker* issues on appeal. We do not agree. A district court's oral statements regarding appellate rights can overcome a written appellate waiver only when the court's statements are made contemporaneously with the defendant's plea. *United States v. Lopez–Armenta*, 400 F.3d 1173, 1177 (9th Cir.2005). In such cases, the possibility arises that the defendant may have relied on the district court's statements in deciding whether to plead guilty. In contrast, where the district court's statements are made at a sentencing hear-

ing after the defendant has pled guilty, there is no possibility of reliance by the defendant, and the written appellate waiver controls. *United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997).

We find that the present case is controlled by *Floyd.* The district court accepted Anderson's guilty plea in May, 2004. Its statement regarding Anderson's right to appeal was not made until four months later, after sentence had been imposed. Under these circumstances, there is no possibility that Anderson could have relied on the district court's statement in electing to plead guilty. Under *Floyd,* then, Anderson's written appellate waiver must control and, because a general appellate waiver encompasses the *Booker* claims Anderson asserts here, Anderson's appeal must be dismissed. *See United States v. Cortez–Arias,* 425 F.3d 547, 548 (9th Cir. 2005).

Appeal DISMISSED.