DLD-384                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2165
_____

ESHED ALSTON,

Appellant

v.

ADMINISTRATIVE OFFICES OF DELAWARE COURTS; SUPERIOR COURT;
SUPREME COURT OF DELAWARE; COURT ON THE JUDICIARY;
STATE DEPARTMENT OF JUSTICE; UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE; STATE HUMAN RELATIONS
COMMISSION; and JUDGE VAUGHN, in his official capacity
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1:15-cv-01112)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 6, 2016)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent

_____

PER CURIAM

EShed Alston appeals from an order of the District Court granting motions to dismiss his civil rights complaint and denying Alston's motion for recusal. We exercise jurisdiction under 28 U.S.C. § 1291, and will summarily affirm because the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4. We may affirm on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Alston's complaint is a loose collection of political beliefs, invective and commentary on current events, and the claims raised therein are hard to discern. As best we can tell, Alston's primary claim is that he was barred from the facilities at Delaware State University ("DSU"), improperly so, allegedly in disregard of both (1) DSU's status as a historically Black land-grant institution; and (2) Alston's status as a DSU alumnus and a descendant of Delaware slaves. Without access to DSU, Alston has allegedly been unable to create a working prototype of a "solar hydro system" similar to that developed by California-based Solyndra using, says Alston, his misappropriated intellectual property. See In re: Solyndra LLC, Bankr. No. 11-12799, ECF No. 1167 (Bankr. D. Del. Oct. 17, 2012) (Alston's "emergency" petition alleging "copyright infringement"). Named as defendants in the complaint were the U.S. Bankruptcy Court for the District of Delaware ("USBCDD"), as well as James T. Vaughn (Associate Justice of the Delaware

2

Supreme Court, in his "official capacity") and a handful of Delaware government entities (collectively, "State Defendants") that have allegedly failed to respond to Alston's various complaints of widespread racial discrimination.

Alston's complaint was originally filed in the Superior Court of Delaware (Kent County), but was removed to federal court in Wilmington pursuant to 28 U.S.C. § 1442(a)(1). The case was assigned to the Honorable Sue L. Robinson, U.S.D.J. Following removal, the USBCDD and the State Defendants each filed a motion to dismiss Alston's complaint under Fed. R. Civ. P. 12(b)(1), based on sovereign immunity. Alternatively, the defendants sought dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Alston opposed the motions, and filed a motion seeking recusal of Judge Robinson based on his perception that she could not be an impartial adjudicator in light of her adverse rulings in Alston's prior federal actions.

The District Court denied Alston's motion for recusal. It determined that Alston failed to present "a basis from which to conclude that the court has a personal bias or prejudice against plaintiff or in favor of any defendant." The District Court reasoned that its rejection of previous suits filed by Alston (or in which he informally participated) "were based on legal precedent rather than bias, prejudice or animus," and thus provided "an insufficient basis for recusal." Turning to the motions to dismiss, the District Court determined that the USBCDD and the Stated Defendants were all immune from suit. The District Court proceeded to also determine that Alston failed to state a claim for relief

3

against any defendant under 42 U.S.C. § 1983. The District Court granted the motions to dismiss, without leave to amend, and entered judgment against Alston. He appealed.

We have considered Alston's filings in this Court, including his prematurely filed pro se brief, and have concluded that this appeal presents no substantial question. In particular, Alston offered no legitimate basis for recusal of Judge Robinson, and his motion seeking such relief was thus properly denied. Alston's motion relied primarily on a series of adverse rulings in cases over which Judge Robinson presided, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). And while Alston has expressed displeasure that his federal actions are typically assigned to Judge Robinson, we have previously observed that 28 U.S.C. § 137 does not provide litigants with "a right to have [their] case heard by a particular judge," a "right to any particular procedure for the selection of the judge," or a "right to have the judge selected by a random draw." A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 212 (3d Cir. 2014) (citation omitted).

Furthermore, the District Court properly granted both of the motions to dismiss Alston's complaint, on the basis of sovereign immunity. The USBCDD is part of the judicial branch of the Federal Government and, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). As for the State Defendants, they, too, enjoy absolute immunity from suit. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139,

4

144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court'" under the Eleventh Amendment) (citation omitted); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (suit against state official in his official capacity is no different from a suit against the state itself); Robinson v. Danberg, 729 F. Supp. 2d 666, 675 (D. Del. 2010) ("The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.").[1] Pertinent to Alston's apparent cause of action, we recognize that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. See Will, 491 U.S. at 66.

Normally, leave to amend should be granted sua sponte before a district court dismisses a pro se civil rights action, unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We find no error or abuse of discretion in the District Court's refusal to grant leave to amend, as it properly determined that amendment would be futile given the defendants' immunity defenses.

Accordingly, for the reasons provided above, we will affirm the judgment of the District Court. Alston's pending motions, including his motions seeking "transfer" of his appeal to the Supreme Court of the United States, are denied.

---

[1] We note that Alston did not explicitly sue Justice Vaughn in his individual capacity, nor did he provide any facts in his complaint by which we could reasonably infer an individual-capacity theory. Cf. Hafer v. Melo, 502 U.S. 21, 26 (1991). In any event, insofar as Alston's complaint challenged conduct done by Justice Vaughn in his role as a jurist, Justice Vaughn would be entitled to absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).