UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JESSE YBARRA,<br><br>Defendant - Appellant. | No. 24-3280<br><br>D.C. No.<br>5:22-cr-00347-BLF-1<br>Northern District of California,<br>San Jose<br><br>ORDER |

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER, District Judge.[*]

    The panel has unanimously voted to deny the petition for panel rehearing.

The petition for panel rehearing (Dkt. 73) is DENIED. No future petitions for

review will be allowed.

---

    [*]    The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JESSE YBARRA,

    Defendant - Appellant.

No. 24-3280

D.C. No.
5:22-cr-00347-BLF-1

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 20, 2025[**]
San Jose, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER, District Judge.[***]

Defendant Jesse Ybarra pled guilty to a violation of 18 U.S.C. § 922(g)(1),

Felon in Possession of a Firearm, and was sentenced to a term of 60 months in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

prison.[1]  Ybarra appeals, arguing that the district court erred in denying his motion to suppress, that his guilty plea was not knowing or voluntary, and that the district court should have applied a downward departure under United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 5K2.11 when imposing his sentence.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. Ybarra waived his right to appeal his motion to suppress by pleading guilty unconditionally.  *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.").

2. Ybarra contends that his guilty plea was not knowing or voluntary so any waiver is void.  We disagree.  We have "consistently held that Rule 11 does not require a district court to inform a defendant that, by pleading guilty, she is waiving her right to appeal any antecedent rulings or constitutional violations." *United States v. Floyd*, 108 F.3d 202, 204 n.2 (9th Cir. 1997), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947 (9th Cir. 2007) (en

---

[1] The district court imposed a sentence at the bottom of the Guidelines range—70 months—which was then reduced to 60 months to account for time served in state custody.

banc).  Ybarra's argument that the district court's colloquy suggested that he could appeal his motion to suppress is belied by the record.  The district court "did not reference" Ybarra's motion to suppress during Ybarra's plea hearing, *United States v. Chavez-Diaz*, 949 F.3d 1202, 1210 (9th Cir. 2020), and in the appellate record before us there is no "evidence [from] the time of the entry of the plea" that Ybarra thought he could appeal that motion despite pleading guilty, *Floyd*, 108 F.3d at 204.  "[T]here is thus no basis to conclude that [Ybarra]'s plea was unknowing or involuntary." *Chavez-Diaz*, 949 F.3d at 1210.

Ybarra also argues that the district court did not adequately inquire about the effect of his prescription medication on his ability to knowingly and voluntarily plead guilty.  Ybarra concedes that plain error review applies because he failed to object to this purported deficiency in the district court's Rule 11 colloquy.  *See United States v. Carter,* 795 F.3d 947, 950-51 (9th Cir. 2015).  "[I]f a district court learns that a defendant is under the influence of some medication, it has a duty to determine, at a minimum, what type of drug the defendant has taken and whether the drug is affecting the defendant's mental state." *Id.* at 954.  "[T]he complete failure to undertake any additional inquiry into the mental state of the defendant, after the defendant has alerted the court of medication, will not satisfy Rule 11's demands." *Id.* at 955.  Here, the district court, after learning that Ybarra was taking medication "prescribed by a doctor," confirmed with Ybarra that the

medication did not "in any way affect [his] ability to understand" the proceedings and that he was not "sick in any way that would prevent [him] from understanding." The district court then asked whether Ybarra "underst[ood] what we're doing today," to which Ybarra responded, "Yes, ma'am." The district court did not plainly err by not inquiring further. *Id.* Although the district court did not inquire as to the "dosage and specific name[]" of Ybarra's medication, the district court was "not required" to do so. *Id.*

3. Lastly, Ybarra argues that the district court should have applied a downward departure under U.S.S.G. § 5K2.11. "Although [Ybarra] frames this as a procedural challenge to the district court's calculation of the Guidelines range," we do not review departures "for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). Ybarra does not argue that the district court's imposition of a sentence at the bottom of the Guidelines range was unreasonable, and we conclude that the district court did not abuse its discretion in imposing Ybarra's sentence in light of the § 3553(a) factors and totality of the circumstances. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1004, 1009 (9th Cir. 2012).

**AFFIRMED.**