**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

SAUL LOPEZ-ARMENTA,
        *Defendant-Appellant.*

No. 04-10081

D.C. No.
CR-03-00154-
HDM(VPC)

OPINION

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted December 8, 2004
San Francisco, California

Memorandum Disposition Filed December 20, 2004
Withdrawn March 10, 2005

Filed March 10, 2005

Before: Alex Kozinski, William A. Fletcher, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

## COUNSEL

Michael K. Powell, Assistant Federal Public Defender, Reno, Nevada, for the appellant.

Craig S. Denney, Assistant United States Attorney, Reno, Nevada, for the appellee.

## OPINION

BYBEE, Circuit Judge:

Saul Lopez-Armenta was indicted for various charges related to the possession and distribution of methamphetamine and cocaine. After unsuccessfully moving to suppress evidence obtained through a search of his vehicle, Lopez entered an unconditional plea of guilty as to all counts listed in the indictment. He now appeals the district court's denial of his motion to suppress, arguing that the police lacked both probable cause and reasonable suspicion and that his plea should not be construed as waiving his right to challenge the lower court's ruling on these issues.

For the following reasons, we conclude that Lopez waived his right to appeal pretrial constitutional defects when he entered an unconditional guilty plea. Accordingly, we dismiss the appeal.

I

On the basis of evidence uncovered during the search of his vehicle, Lopez was indicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, and interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). He moved to suppress evidence obtained during the search, and the district court denied the motion after an evidentiary hearing. Lopez subsequently pled guilty to all counts listed in the indictment without the benefit of a written plea agreement reserving his right to appeal the district court's ruling on his motion to suppress.[1]

Approximately three months later, Lopez was sentenced to 64 months in prison. At the sentencing hearing, the government stated, on the record, that the "defendant pled guilty without the benefit of a plea agreement to preserve his right to appeal the Court's determination on the suppression hearing." Also, after imposing the sentence, the court stated, on the record, "There was no plea agreement in this case. You have the right to appeal. Any appeal in this case will be filed in writing within 10 days of today's date, and I'll appoint the Federal Defenders Officer to represent you in the event you elect to file that written notice of appeal."

---

[1]As a result of his cooperation, Lopez qualified for a "safety valve" adjustment, whereby the sentence that he was facing — initially, a 10 year statutory minimum — was reducible to 64 months. *See* 18 U.S.C. § 3553(f).

Lopez subsequently appealed to this court, seeking to challenge the district court's denial of his motion to suppress. The government moved to dismiss the appeal and a motions panel of this court denied the motion, transferring the case to a merits panel. In so ruling, the motions panel cited our decision in *United States v. Buchanan*, 59 F.3d 914 (9th Cir. 1995), for the proposition that "because the district court stated on the record at the time of sentencing that appellant had the right to appeal . . . the district court's oral pronouncement must control."

## II

We note, at the outset, that the order of the motions panel, denying the government's motion to dismiss, does not preclude us from reaching a contrary decision. Rather, if we conclude that Lopez waived his right to bring this appeal, we may dismiss it notwithstanding the fact that a prior motions panel denied the government's motion. *See, e.g., United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (citing *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir. 1988)); *United States v. Houser*, 804 F.2d 565, 567-68 (9th Cir. 1986). It is to that inquiry that we now turn.

## III

**[1]** It is undisputed that Lopez pled guilty without the benefit of a written Rule 11(a)(2) plea agreement reserving his right to appeal the district court's ruling on his motion to suppress. Moreover, it is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects. *See, e.g., United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997); *United States v. Cortez*, 973 F.2d 764, 766 (9th Cir. 1992). Accordingly, the Supreme Court has declared:

When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with

which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Consequently, by entering an unconditional guilty plea, Lopez waived his right to bring this appeal, which seeks only to challenge the district court's ruling on his motion to suppress.

Nonetheless, in support of this appeal, Lopez points to the district court's on-the-record statement at the sentencing hearing, informing him that he had the right to appeal, as well as the government's statement, at sentencing, that the "defendant pled guilty without the benefit of a plea agreement to preserve his right to appeal the Court's determination on the suppression hearing." Citing our decision in *Buchanan*, 59 F.3d at 917, he argues that these statements serve to preserve his appellate rights.

**[2]** We agree that the statements leave the record ambiguous. Specifically, it is unclear whether the sentencing judge was referring to Lopez's right to appeal the ruling on his suppression motion or his sentence, the latter of which is explicitly required by Fed. R. Crim. P. 32(j)(1)(B). The government's statement is more clear. Its natural reading is that Lopez had not preserved his right to appeal the suppression ruling. *Cf.* Fed. R. Crim. P. 11(a)(2) ("[A] defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."). With both statements being made in the same hearing, the apparent confusion is understandable. Nevertheless, the ambiguity is ultimately irrelevant for our purposes. Both statements were made approximately three months *after* Lopez entered his unconditional guilty plea, and Lopez "points to no evidence

in the record that [his] plea was involuntary at the time that [he] entered it." *Floyd*, 108 F.3d at 204.

Moreover, and contrary to the appellant's argument, we find *Buchanan* inapplicable to these facts. In *Buchanan*, the defendant pled guilty to fraud and failure to appear and agreed to waive appeal if his sentence was set within the Guidelines. Four months later, at sentencing, he tried to withdraw his plea because it contained unfavorable stipulations. The district court noted that he could appeal his "sentencing findings." 59 F.3d at 916. Rather than withdraw his plea, the defendant and the government agreed to modify the plea agreement to allow the parties to argue for a departure. On the following day the district court sentenced Buchanan and, despite the waiver clause in the plea agreement, again told him he had the right to appeal his sentence. Although we concluded that Buchanan's waiver was knowingly and voluntarily entered, we reasoned that the district court's unambiguous advice at his sentencing hearings, informing Buchanan that he had the right to appeal his sentence, could have created a reasonable expectation that the defendant was permitted to appeal *his sentence*. Indeed, he might have relied on this advice in deciding not to withdraw his plea, but instead to amend the plea agreement. Relying on cases involving a conflict between the oral pronouncement of sentence and the written judgment, we held that the sentencing judge's oral pronouncement must control, and proceeded to address the defendant's sentencing claims on the merits. *Id*. at 917-18.

By contrast, in *Floyd* the defendant was stopped and searched by DEA agents at Los Angeles International Airport, and was found to be carrying a large package of cocaine and cocaine base. She was arrested and later charged with two counts of possession of cocaine and cocaine base with intent to distribute. Floyd initially pled not guilty to the charges, and moved to suppress the evidence discovered during the search of her person. After the district court denied her motion to suppress, Floyd changed her plea to guilty on both counts.

She did so without the benefit of a plea agreement reserving her right to appeal the court's ruling on her motion to suppress. Approximately three months later, at Floyd's sentencing hearing, her counsel stated: "I will be filing a notice of appeal in this matter, pursuing the appeal with respect to the denial of the suppression motion." *Id*. at 203. The district court responded, "Surely," and the government did not object to the mention of appealing the suppression motion. *Id*. Floyd subsequently filed a timely notice of appeal, claiming that the district court erred in denying her suppression motion, and the government moved to dismiss for lack of jurisdiction.

**[3]** On these facts — two years after *Buchanan* — we held that the defendant's unconditional guilty plea controlled. *Id*. at 204. We distinguished two cases in which guilty pleas not meeting the requirements of Rule 11(a)(2) were held to be invalid, on the grounds that in both of those cases "there was evidence *at the time of the entry of the plea* that the defendant thought he or she could appeal from the guilty plea." *Id*. (citing *Cortez*, 973 F.2d at 767-69; *United States v. Carrasco*, 786 F.2d 1452, 1453-55 (9th Cir. 1986)) (emphasis added). We found *Cortez* and *Carrasco* inapplicable to the facts alleged in *Floyd* because approximately three months had elapsed between the defendant's unconditional guilty plea and the ambiguous statement at the sentencing hearing:

> Though the exchange at the sentencing hearing was ambiguous regarding whether she could appeal the suppression motion, it occurred over three months after Floyd entered her unconditional guilty plea. While we are sympathetic to Floyd's predicament, she points to no evidence in the record that her plea was involuntary at the time that she entered it. Her newly-expressed desire to appeal three months later cannot somehow relate back to her plea hearing. That her plea was voluntary when entered is controlling; that Floyd may have changed her mind later does not render her plea invalid.

*Id.* (footnotes omitted).

**[4]** We are persuaded that this appeal is controlled by *Floyd*. While numerous distinctions between the cases might be drawn, at its core, *Buchanan* addresses the situation in which confusion regarding appellate rights arises contemporaneously with the waiver, while *Floyd* applies where the defendant attempts to have later confusion "relate back" to his waiver. Accordingly, we hold that Lopez knowingly and voluntarily waived his right to appeal the suppression ruling, and his waiver was not affected by the district court's ambiguous statement three months later at the sentencing hearing.

## IV

For the foregoing reasons, the appeal is dismissed.

**DISMISSED.**