**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Giovanni RODRIGUEZ–MARTINEZ,**
**Defendant—Appellant.**

No. 04–10634.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anne E. Mosher, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff-Appellee.

Lee Tucker, Esq., Tucson, AZ, for Defendant-Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Giovanni Rodriguez–Martinez appeals from his guilty-plea conviction and 37–month sentence for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), as enhanced by 8 U.S.C § 1326(b)(2). We dismiss.

Rodriguez–Martinez contends for the first time on appeal that the waiver of appellate rights contained in his plea agreement was rendered invalid by Rule 11 defects in his change-of-plea hearing. However, he has failed to demonstrate a reasonable probability that he would not have entered a guilty plea but for any alleged Rule 11 violation, and therefore cannot obtain relief on this basis. *See United States v. Dominguez Benitez,* 542 U.S. 74, 76, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

Rodriguez–Martinez also contends that this appeal is not barred because the district court made an ambiguous statement at sentencing suggesting a limited right to appeal on the particular issue of the 12–level sentencing enhancement. However, a district court's oral statements regarding appellate rights can overcome a written appellate waiver only when the court's statements are made contemporaneously with the defendant's plea. *See United States v. Lopez–Armenta,* 400 F.3d

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1173, 1177 (9th Cir.2005). In this case, the district court's statements at the sentencing hearing were made more than a year after Rodriguez–Martinez had entered his guilty plea, and therefore cannot serve as a basis to override an otherwise valid appeal waiver. *See id.*

■ We dismiss in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily).

DISMISSED.