**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerardo MANZO–PULIDO, Defendant–Appellant.**

**No. 06–10703.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 5, 2007.

Steven Paul Logan, Michael Allen Lee, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gail Gianasi Natale, Esq., Law Office of Gail Gianasi Natale, Phoenix, AZ, for Defendant–Appellant.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Gerardo Manzo–Pulido appeals both his conviction pursuant to an unconditional guilty plea and his sentence. We affirm. Because the parties are familiar with the factual and procedural history, we will not recount it here.

Manzo–Pulido argues that the government violated his due process rights by failing to have a "qualified Spanish speaker" or "competent interpreter" translate his initial interview with law enforcement agents. "[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez–Armenta,* 400 F.3d 1173, 1175 (9th Cir.2005). As ManzoPulido's due process claim challenges an alleged deprivation of a constitutional right that occurred prior to the entry of his unconditional guilty plea, he has waived his right to appeal this issue.

Second, Manzo–Pulido appeals the district court's decision to increase his offense level by two points for the "possession of a firearm" under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1), when Manzo–Pulido admitted only to possessing an unloaded BB gun. However, § 2D1.1(b)(1) directs a court to increase a defendant's base level offense by two for the possession of "a dangerous weapon (including a firearm)." A "dangerous weapon" expressly includes a " 'BB' or pellet gun." § 1B1.1 cmt. n.1(G). The district court's increase of Manzo–Pulido's offense level based on a "firearm" is therefore harmless, because the enhancement is the same whether or not it applies to a firearm or dangerous

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

weapon. *See United States v. Mejia–Pi-mental,* 477 F.3d 1100, 1109 (9th Cir.2007) (" 'Where we discover an error not of constitutional magnitude, we must reverse unless there is a fair assurance of harmlessness.' ") (quoting *United States v. Gonzalez–Flores,* 418 F.3d 1093, 1099 (9th Cir.2005)).

Finally, Manzo–Pulido appeals the district court's determination that he was not entitled to a downward adjustment based on his minimal role in the marijuana growing operation. Manzo–Pulido's possession of a dangerous weapon renders him ineligible for "safety valve" relief under 18 U.S.C. § 3553(f) and subjects him to a statutory minimum sentence. As such, the district court did not have the discretion to consider his role in the offense. *See United States v. VanDoren,* 182 F.3d 1077, 1083 (9th Cir.1999) ("[A] district court does not have the discretion to consider mitigating factors and cannot apply downward departures of the Sentencing Guidelines to reduce a sentence below the minimum mandated by Congress.") (internal quotation marks omitted); *see also* USSG § 5G1.1.(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline range.").

**AFFIRMED.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.