**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Corey D. DUNN, Defendant–Appellant.**

**No. 07–10448.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 23, 2008.

Carolyn K. Delaney, Esquire, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Esquire, Karyn H. Bucur Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Corey D. Dunn appeals his conviction by guilty plea for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). He contends that the district court erred in denying his motion to dismiss the indictment for failure to bring him to trial within the 180–day period specified by the Interstate Agreement on Detainers Act. The government contends that Dunn waived his right to appeal. We dismiss the appeal.

In his plea agreement, Dunn waived his right to appeal his conviction. In addition, "an unconditional guilty plea constitutes a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez–Armenta,* 400 F.3d 1173, 1175 (9th Cir.2005). Dunn's plea agreement provided for a stipulated sentence but was otherwise unconditional.

Dunn argues that his waiver of appeal was superceded when at sentencing the district court orally informed him that he had a right to appeal from his conviction. This confusion was not contemporaneous with the guilty plea and waiver. We therefore enforce the waiver. *See id.* at 1176–77.

**DISMISSED.**