**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Augustin Jaime ORTIZ–ARROYO,
Defendant–Appellant.**

**No. 07–50405.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, Randy K. Jones, Esquire, Assistant U.S., San Diego, CA, for Plaintiff–Appellee.

David James Zugman, Burcham & Zugman, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Augustin Jaime Ortiz–Arroyo appeals from the 48–month sentence imposed fol-

---

** This disposition is not appropriate for publication and is not precedent except as provid-

lowing his guilty-plea conviction for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the sentence and judgment, but remand to correct the judgment.

■ Ortiz–Arroyo contends that the magistrate judge erred by refusing to accept his guilty plea in order to give the government the opportunity to file a superseding indictment. This contention fails because Ortiz–Arroyo waived his right to challenge any defect in his previous plea proceedings by subsequently entering a guilty plea to the superseding indictment. *See United States v. Lopez–Armenta,* 400 F.3d 1173, 1175 (9th Cir.2005).

■ Ortiz–Arroyo also contends that his Sixth Amendment rights were violated by the district court's enhancement of his sentence under 8 U.S.C. § 1326(b). Because Ortiz–Arroyo admitted the date of his prior removal, this contention fails. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1097–98 (9th Cir.2006).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand with instructions that the district court delete from the judgment the incorrect reference to § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b) because it is a sentence enhancement and not a separate punishable offense).

**AFFIRMED; REMANDED to correct the judgment.**