**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darin Luis AYALA, Defendant–
Appellant.**

**No. 07–50444.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

Andrew George Schopler, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jason I. Ser, Esquire, Supervisory, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Darin Luis Ayala appeals from the district court's denial of his motion to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ayala contends that the district court erred when it denied his motion to suppress certain evidence. However, when Ayala entered an unconditional guilty plea, he waived the right to appeal the denial of his suppression motion. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Lopez–Armenta,* 400 F.3d 1173, 1175 (9th Cir.2005). We therefore do not address the merits of Ayala's suppression claim. *See Lopez–Armenta,* 400 F.3d at

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1175; *see also United States v. Cortez,* 973 F.2d 764, 766–69 (9th Cir.1992).

We also reject Ayala's contention that he did not knowingly waive his right to appeal the denial of his motion to suppress and that the waiver is not enforceable. *See Cortez,* 973 F.2d at 768–69; *see also United States v. Jacobo Castillo,* 496 F.3d 947, 954 (9th Cir.2007) (en banc) (reaffirming that preclusive effect of an appeal waiver may turn on whether appellant entered into an intelligent and knowing unconditional plea); *Lopez–Armenta,* 400 F.3d at 1176–77.

■ Ayala contends that, based on an error of law, we should adopt a "miscarriage of justice exception" to the enforcement of valid appeal waivers. We have never adopted a "miscarriage of justice exception," and making an "exception" here based on an alleged error of law that took place prior to entry of the guilty plea would be contrary to the well-established rule that an unconditional guilty plea not only waives the right to appeal all nonjurisdictional antecedent rulings, but cures all antecedent constitutional defects. *See Lopez–Armenta,* 400 F.3d at 1175.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.