**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50448 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04576-W-1 |
| v. | |
| LUIS ALBERTO NAVA-JUSTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, United States District Judge, Presiding

Submitted May 12, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Defendant-appellant Luis Nava-Justo ("Nava") appeals from a final

judgment convicting him of one count of attempted entry after deportation, in

violation of 8 U.S.C. § 1326, and one count of fraud and misuse of an entry

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

document, in violation of 18 U.S.C. § 1546(a). Nava pleaded guilty to both counts without a plea agreement, and the district court sentenced him to 51 months imprisonment. On appeal, Nava claims that the district court erred by denying his motion to dismiss the indictment and by imposing the 51-month sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Nava waived his right to challenge the denial of his motion and the district court sentenced him well within its discretion.

The facts of this case are known to the parties. We do not repeat them.

## I

When a defendant fails to object "on the ground that the district court did not sufficiently address and apply the factors listed in § 3553(a)," we review the district court's decision for plain error. *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006). "[T]he substantive reasonableness of a sentence—whether objected to or not at sentencing—is reviewed for abuse of discretion." *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

## II

"[I]t is well settled that an unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th

Cir. 2005). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id*. (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Here, Nava waived his right to appeal the district court's denial of his motion to dismiss the attempted entry after deportation count by entering a counseled guilty plea without condition.

## III

Nava next argues that the district court plainly erred by ignoring the parsimony principle of 18 U.S.C. § 3553(a) and by failing to fully consider the 18 U.S.C. § 3553(a) factors. The district court's decision, however, was proper.

The parsimony principle stems from 18 U.S.C. § 3553(a), which "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). "The district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008).

3

Here, the record indicates that the district court expressly considered the parsimony principle during Nava's sentencing. Likewise, the record shows that the district court considered numerous facets unique to Nava's case that bore upon the Section 3553(a) factors. The district court was under no obligation to individually go through all of the Section 3553(a) factors and discuss their applicability to Nava's case. The district court's decision did not constitute plain error that affected substantial rights. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

## IV

Nava also contends that the 51-month sentence imposed by the district court was substantively unreasonable. Nava's argument is without merit.

The determination of whether a sentence is substantively reasonable is "guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines." *United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir. 2006).

Here, Nava fails to offer any compelling reason why his low-end sentence based on a reduced criminal history category amounted to an abuse of discretion. Additionally, Nava's repeated insistence that a 30-month sentence would be "sufficient but not greater than necessary" is inapposite, as the only issue is

4

"whether the sentence *imposed* was unreasonable." *United States v. Nichols*, 464

F.3d 1117, 1126 (9th Cir. 2006) (emphasis added).

**AFFIRMED.**