FILED

NOT FOR PUBLICATION

DEC 20 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50210 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00126-VAP-1 |
| v. | |
| ADRIAN BUTTS, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted October 7, 2010
Pasadena, California

Before:    WARDLAW and W. FLETCHER, Circuit Judges, and LYNN,**
           District Judge.

Adrian Butts appeals his conviction and 157 month sentence, following his

guilty pleas to possession with intent to distribute methamphetamine, in violation

---

   *    This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

   **    The Honorable Barbara M. Lynn, U.S. District Judge for the Northern District of
Texas, sitting by designation.

1

of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Butts pleaded guilty pursuant to a written, unconditional plea agreement. On appeal, Butts challenges the district court's denial of his motion to suppress and the reasonableness of his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pursuant to an arrest warrant, law enforcement officers searched Butts's residence for his sister, Hazel, a parolee-at-large. During that search, the officers entered a room in which they found evidence that illegal drugs were present. After obtaining a search warrant, the officers found various drugs and a firearm. Butts moved to suppress those items, arguing on various grounds that the search was illegal. The district court denied suppression.

Butts then pleaded guilty to Counts Three and Six of the superseding indictment. The plea agreement states, "By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed." Butts also waived his right to appeal any sentence imposed by the district court, provided that (a) the sentence was within the statutory maximum and constitutional, (b) the Court did not depart upward in offense level or criminal

2

history, (c) the Court determined the total offense level was 31 or below as to Count Three, and imposed a sentence within the guideline range for the offense level and criminal history as to Count Three, in addition to a consecutive sentence of five years as to Count Six.

During sentencing, the district court found Butts's criminal history category to be II, and granted a two level departure for substantial assistance, finding an offense level of 29 on Count Three. This determination resulted in a guidelines range of 157 to 181 months, including a mandatory consecutive sentence of 60 months on Count Six. After analyzing the 18 U.S.C. § 3553(a) factors, including consideration of Butts's mental health records, the district court imposed a sentence of 157 months imprisonment, the bottom of the guideline range.

The issue of whether a defendant has waived his right to appeal is reviewed *de novo*. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Pursuant to Federal Rule of Criminal Procedure 11(a)(2), Butts could have reserved in writing the right to appellate review of a specific pretrial motion, such as a motion to suppress. However, an unconditional guilty plea, without a Rule 11(a)(2) reservation, constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings, including a motion to suppress. *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an

unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.") (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Here, Butts knowingly and intelligently entered into an unconditional guilty plea and did not reserve in writing the right to appeal the denial of the motion to suppress, and Butts's challenge of the reasonableness of his sentence is covered by the express terms of his appellate waiver. Therefore, we are precluded from reviewing the trial court's ruling on the motion to suppress or the reasonableness of Butts's guidelines sentence. Accordingly, this Court affirms.

AFFIRMED.

*USA v. Butts*, No. 09-50210

W. FLETCHER, Circuit Judge, concurring:

In my view, the written plea agreement did not waive Butts's right to appeal his Fourth Amendment claim. The majority relies on the following sentence in the plea agreement in support of its holding: "By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed." That sentence appears in the section of the plea agreement entitled "WAIVER OF CONSTITUTIONAL RIGHTS." It does *not* appear in the section of the plea agreement entitled "LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK." In context, the quoted sentence is an agreement not to "pursue" a "Fourth Amendment claim[]" in the district court. It is not an agreement to waive the right to appeal the already rendered ruling by the district court on Butts's suppression motion.

However, I would affirm the district court's ruling on Butts's Fourth Amendment claim on the merits. The search warrant for Butts's sister was valid. The police had reason to believe that she was in the house despite Butts's denial. Because they had reason to believe she was in the house, they were justified in requiring that the locked room be opened. When the door to the room was opened,

1

the marijuana was in plain view.  Based on the presence of the marijuana in the room, a second warrant was obtained.  This second warrant justified the search of the room.

In all other respects, I agree with the majority.

2