**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JESUS MENDEZ,<br><br>Defendant - Appellant. | No. 10-10053<br><br>D.C. No. 2:08-cr-00024-JCM-GWF-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 8, 2010[**]
San Francisco, California

Before: THOMPSON, COWEN, and SILVERMAN, Circuit Judges.[***]

Jesus Mendez appeals the 120-month sentence imposed following his guilty

plea to possession with intent to distribute five kilograms or more of cocaine in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Mendez contends the district court erred in denying his motion to suppress. However, "it is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). By entering an unconditional guilty plea in this case, Mendez waived his right to appeal the district court's denial of his motion to suppress. Our recent en banc decision in *United States v. Jacobo Castillo* does not mandate a different conclusion. *See* 496 F.3d 947, 954 (9th Cir. 2007) (en banc). Accordingly, we are precluded from reaching the merits of Mendez's suppression claim, and we **DISMISS** that part of his appeal.

Mendez also contends the district court erred when it determined he was not eligible for safety valve relief under 18 U.S.C. § 3553(f) because he did not satisfy the fifth factor. We review for clear error the district court's *factual* determination that a particular defendant is eligible for relief under the safety valve, and we review *de novo* the district court's statutory interpretation of 18 U.S.C. § 3553(f). *United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007).

The district court found that Mendez was not cooperative during debriefing, that he lied, told half-truths, and changed his story, and that he was not otherwise forthcoming. The district court's factual findings in this regard were sufficient and not clearly erroneous. *See United States v. Shrestha*, 86 F.3d 935, 938-40 (9th Cir. 1996) (noting that whether defendant had been completely truthful for purposes of § 3553(f)(5) was a factual matter). Accordingly, because Mendez failed to meet his burden of establishing safety valve eligibility, we **AFFIRM**.

**DISMISSED** in part and **AFFIRMED** in part.

THOMPSON, Senior Circuit Judge, dissenting in part:

I respectfully dissent from the majority's conclusion that the district court did not err in denying Mendez safety valve relief.

This case is governed by our decision in *United States v. Mejia-Pimental*, 477 F.3d 1100, 1105-08 (9th Cir. 2007), where we made clear that a defendant's initial lies and delays cannot by themselves make him ineligible for relief under 18 U.S.C. § 3553(f), provided that by the time of sentencing, the information he provides to the government is "truthful and complete." *Mejia-Pimental*, 477 F.3d at 1106; *see also United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996) (concluding that the defendant was not disqualified from obtaining safety valve relief where he initially confessed all his knowledge and involvement, but then recanted that confession at trial).

The district court should have determined whether Mendez provided the government with information that was truthful and complete "not later than the time of the sentencing hearing." 18 U.S.C. § 3553(f)(5). It appears Mendez may have done just that. Putting aside his initial evasive answers and delays, the record demonstrates—and the district court appears to have acknowledged—that by the time of the sentencing hearing, Mendez had disclosed to the government the true facts about the instant offense and any related offenses perpetrated by his cousins.

As long as that information was "complete," he met his burden under 18 U.S.C. § 3553(f)(5).

I would vacate the sentence and remand for the district court to make factual findings as to the truthfulness and completeness of the information provided by Mendez to the government by the time of his sentencing.