MEMORANDUM ***
Jesus Mendez appeals the 120-month sentence imposed following his guilty plea to possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
Mendez contends the district court erred in denying his motion to suppress. However, “it is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.” United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir.2005). By entering an unconditional guilty plea in this case, Mendez waived his right to appeal the district court’s denial of his motion to suppress. Our recent en banc decision in United States v. Jacobo Castillo does not mandate a different conclusion. See 496 F.3d 947, 954 (9th Cir.2007) (en banc). Accordingly, we are precluded from reaching the merits of Mendez’s suppression claim, and we DISIMISS that part of his appeal.
Mendez also contends the district court erred when it determined he was not eligible for safety valve relief under 18 U.S.C. § 3553(f) because he did not satisfy the fifth factor. We review for clear error the district court’s factual determination that a particular defendant is eligible for relief under the safety valve, and we review de novo the district court’s statutory interpretation of 18 U.S.C. § 3553(f). United States v. Mejia-Pimental, 477 F.3d 1100, 1103 (9th Cir.2007).
The district court found that Mendez was not cooperative during debriefing, that he lied, told half-truths, and changed his story, and that he was not otherwise forthcoming. The district court’s factual findings in this regard were sufficient and not clearly erroneous. See United States v. Shrestha, 86 F.3d 935, 938-40 (9th Cir.1996) (noting that whether defendant had been completely truthful for purposes of § 3553(f)(5) was a factual matter). Accordingly, because Mendez failed to meet his burden of establishing safety valve eligibility, we AFFIRM.
DISMISSED in part and AFFIRMED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.