
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10281 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00800-GMS-3 |
| v. | |
| JOSE DAVID PORTILLO-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted July 13, 2011[**]
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN,[***] District
Judge.

Defendant Jose David Portillo-Lopez appeals from the district court's denial

of his motion to suppress evidence and from his sentence for conspiring to possess

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***]    The Honorable Barbara M.G. Lynn, United States District Court
Judge for the Northern District of Texas, sitting by designation.

and possessing heroin with the intent to distribute it. We review de novo the district court's disposition of a motion to suppress evidence. United States v. Ewing, 638 F.3d 1226, 1229 (9th Cir. 2011). We review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error. United States v. Rosas, 615 F.3d 1058, 1066 (9th Cir. 2010).

1. Defendant waived his opportunity to challenge the district court's denial of his motion to suppress when he entered an unconditional guilty plea to the charges against him. See United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects."). We therefore do not address that issue on the merits.

2. We find no abuse of discretion in the district court's decision not to give Defendant a mitigating role adjustment under U.S.S.G. section 3B1.2. The court understood that such an adjustment was available to Defendant but ruled that Defendant did not deserve a downward adjustment because he could not prove that he was "a minimal or minor participant in the criminal activity." Rosas, 615 F.3d

2

at 1067. Defendant had prior experience trafficking narcotics. In this instance, he brought 1.2 kilograms of heroin, hidden in his boots, from central Mexico, through Denver, to New York City. That three-day journey involved at least two vehicles, one of them rented. At the time of his arrest, Defendant was driving the vehicle. His co-conspirator later identified Defendant as the leader of the operation, although Defendant sharply disputes that suggestion. In those circumstances, the district court acted within its discretion when it declined to give Defendant a mitigating adjustment for his role in the crime.

3. We similarly find no abuse of discretion in the district court's decision not to adjust Defendant's sentence downward because of "serious coercion, blackmail, or duress" under U.S.S.G. section 5K2.12. Circumstances warrant such an adjustment only when they involve "a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency." Id. We agree with the district court that financial difficulties of the kind that Defendant faced do not fall within the scope of section 5K2.12.

4. Defendant argues that the district court should have given him a mitigating adjustment because he likely will be deported after he serves his sentence. But "[w]e have consistently held that a sentencing court cannot

3

downwardly depart based on the fact that a defendant faces future deportation." United States v. Lipman, 133 F.3d 726, 730 (9th Cir. 1998). The district court therefore did not abuse its discretion by declining to adjust Defendant's sentence because he faces the threat of future deportation.

5. Finally, we reject Defendant's argument that he received a substantively unreasonable sentence under 18 U.S.C. § 3553. See United States v. Maier, 639 F.3d 927, 934 (9th Cir. 2011) ("We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. We may reverse if, upon reviewing the record, we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." (internal quotation marks, citation, and alteration omitted)). In fact, the district court gave Defendant a lesser sentence than the Guidelines range and cogently explained why Defendant deserved a greater sentence than his co-defendant, who had less education and fewer financial resources than Defendant. Considering the totality of the circumstances, the district court acted within its discretion when it sentenced Defendant to 87 months in prison.

AFFIRMED.