**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50536 |
| Plaintiff - Appellee, | D.C. No. 5:06-cr-00075-SGL |
| v. | |
| CARLA DENINE BERRY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Carla Denine Berry appeals from the 72-month sentence imposed following

her guilty-plea conviction for conspiracy to defraud the United States, in violation

of 18 U.S.C. § 371, aiding and assisting in the preparation of false income tax

returns, in violation of 26 U.S.C. § 7206(2), and willful filing of a false income tax

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

return, in violation of 26 U.S.C. § 7206(1). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.

Berry pleaded guilty pursuant to a written agreement that included an appeal waiver. She contends that she did not knowingly and voluntarily waive her right to appeal. This contention is belied by the record. *See United States v. Watson*, 582 F.3d 974, 986-87 (9th Cir. 2009). Moreover, the district court's advisement to Berry that she had ten days to file a written notice of appeal did not did not invalidate the waiver provision. *See United States v. Buchanan*, 59 F.3d 914, 917-918 (9th Cir. 1995); *United States v Schuman*, 127 F.3d 815, 817 (9th Cir. 1997); *see also United States v. Lopez-Armenta*, 400 F.3d 1176-77 (9th Cir. 2005) (there must be evidence at the time of the entry of the plea that the defendant thought he or she could appeal). Accordingly, we enforce the valid appeal waiver. *See Watson*, 582 F.3d at 988.

We reject Berry's challenge to the supervised release condition ordering restitution. *See* 18 U.S.C. §§ 3663 and 3664.

**DISMISSED.**