FILED

NOT FOR PUBLICATION

MAY 28 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50351 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00920-RSWL-4 |
| v. | |
| LARRY JORDAN, AKA Big Al, AKA Al Jordan, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted April 10, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and LASNIK, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert S. Lasnik, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

1

Larry Jordan pled guilty to one count of conspiracy to commit a robbery, in violation of 18 U.S.C. § 1951(a), for which he received a twenty year prison term. The district court refused to allow Jordan to withdraw his plea. Jordan raises four challenges on appeal: (1) that his guilty plea was involuntary because his lawyer, Evans, was unprepared for trial; (2) that the district court abused its discretion and denied him effective assistance of counsel by rejecting Evans's request for a hearing accommodation; (3) that the district court abused its discretion and denied him effective assistance of counsel by rejecting Evans's request for a continuance to prepare for cross-examining Jordan's co-defendant, Holifield, who decided to plead guilty and testify against Jordan on the eve of trial; and (4) that Evans provided constitutionally ineffective assistance of counsel.

Given the record in this case, we are compelled to affirm. If Jordan's plea was voluntary, then Jordan waived his right to appeal the denial of the continuance and denial of real-time reporting. *See United States v. Lopez-Armentra*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects."). But, "[i]t goes without saying that a plea must be voluntary to be constitutional." *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). A plea is involuntary if "it is the product of

2

threats, improper promises, or other forms of wrongful coercion." *United States v. Hernandez*, 203 F.3d 614, 626 (9th Cir. 2000). In theory, if the district court abused its discretion in denying the continuance or real-time reporting it "might well have been interpreted by [the defendant] as a sign that his interests would be jeopardized if he chose to go to trial," rendering the plea involuntary. *United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993). While we have serious questions about the district court's decision to deny real-time reporting, Jordan's counsel made it clear at oral argument that he was not arguing that this decision alone made the plea involuntary. With respect to the continuance, the district court did not abuse its "broad discretion" to deny continuances. *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). On this record, we conclude that Jordan's plea was voluntary.

Jordan's remaining challenges relate to whether he received ineffective assistance of counsel. Jordan has identified a number of facts that could support the conclusion that he did not receive effective assistance of counsel, but the record before us is not sufficiently developed for us to make an exception to our "general rule" that we "do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010) (internal citations omitted).

As to the deficient performance prong of his ineffective assistance of counsel claim, Jordan points to the following facts. On the eve of trial when Holifield decided to plead guilty and testify against Jordan—an incident the district court described as "not unusual"—Evans admitted that he was "not prepared at all" to proceed with trial because he was "really unprepared" to cross-examine the government's now-chief witness, Holifield. He apologized for what he admitted was inadequate preparation and repeatedly stated that he could not provide "adequate and effective representation to Mr. Jordan" without a continuance, which the district court denied. Previously, Evans had stated that his hearing disability would render him "unable to provide effective assistance of counsel to defendant Jordan." Although these facts could support a conclusion that Evans provided deficient representation, the record contains conflicting evidence. For example, Evans later advised the court that he had been "adequately prepared" to go to trial. This conflict is best resolved by an evidentiary hearing in which counsel will have "an opportunity to explain his actions." *United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012).

As to the prejudice prong of his ineffective assistance of counsel claim, Jordan alleges that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To

4

support this allegation, Jordan points to the following facts. He pled guilty the day after Evans was compelled to give an opening statement despite having advised the district court (for the second time) that he could not "effectively represent Mr. Jordan" without a continuance. Until the day of his guilty plea, Jordan had manifested a clear desire to go to trial; he objected to every continuance, filed a speedy trial motion, and even rejected a more favorable plea deal shortly before the date on which trial was scheduled to commence. As Jordan explains, given his age and poor health, any sentence would in his view have been the equivalent of a life sentence. Almost immediately after pleading guilty, Jordan moved to remove Evans as counsel and withdraw his plea. Jordan thus presents specific facts that support his contention that he pled guilty only because his lawyer was unprepared to defend him. The government argues to the contrary, however, that Jordan pled guilty because he made a strategic decision that his likelihood of prevailing at trial was significantly diminished when Holifield decided to testify against him. It also points to certain inconsistencies in Jordan's story. This factual dispute is best resolved by an evidentiary hearing under 28 U.S.C. § 2255. *See United States v. Laughlin*, 933 F.2d 786, 788-89 (9th Cir. 1991) ("Challenge by way of a habeas proceeding is preferable because it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.").

5

Because the record is insufficiently developed regarding counsel's performance, we must deny Jordan's challenges on direct appeal. *McGowan*, 668 F.3d at 606; *Moreland*, 622 F.3d at 1157; *Laughlin*, 933 F.2d at 789. Our denial, however, is without prejudice to Jordan's renewal of his challenge regarding ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255.

**AFFIRMED.**