**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50210 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00116-DOC-1 |
| v. | |
| JASON JIAN LIANG, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 7, 2013**
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM,
Senior District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Jason Jiang Liang appeals his conviction and sentence following his unconditional guilty plea for violating the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §1705, and the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 736.2, 764.2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

Liang's unconditional guilty plea waived his right to seek review of any alleged defects in his indictment or in the constitutionality of the underlying statutes. *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.").

Even absent waiver, Liang's arguments lack merit. The indictment was not defective because the foreign availability of an item on the Commodity Control List is not an element of an IEEPA violation. *See United States v. Mandel*, 914 F.2d 1215, 1223 (9th Cir. 1990). The indictment alleged that Liang knew that a license was required for export of the thermal imaging cameras, that he lacked the license, and that he chose to export the cameras. This is sufficient to make out a violation of the IEEPA. *See United States v. Zhi Yong Guo*, 634 F.3d 1119, 1123

(9th Cir. 2011). Moreover, we have held that the IEEPA is not unconstitutionally vague, and Liang has provided no basis to conclude otherwise. *See id.*

The district court did not err when it calculated Liang's Sentencing Guidelines range. *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008). In 2011, the Sentencing Commission amended the Guidelines Manual to include U.S.S.G. § 2M5.1 as a cross-reference for IEEPA violations. U.S.S.G. App. C at 401. Because Liang was convicted in 2012, the district court properly consulted § 2M5.1 in calculating his Guidelines range. *See* U.S.S.G. § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). The district court correctly concluded that a base offense level of 26 was appropriate given that Liang's offense conduct involved the evasion of "national security controls." U.S.S.G. § 2M5.1.

We decline to reach Liang's claim that he received ineffective assistance of counsel due to his counsel's alleged ignorance of 50 U.S.C. App. 2403(c). "[I]neffective counsel claims cannot generally be evaluated on direct appeal." *United States v. Wagner*, 834 F.2d 1474, 1483 (9th Cir. 1987). The record is insufficiently developed at this stage to evaluate Liang's claims. *See United States v. Hanoum*, 33 F.3d 1128, 1131-32 (9th Cir. 1994). Liang remains free to raise his claims in a collateral attack on his conviction under 28 U.S.C. § 2255. *See id* at

3

1131 ("The customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255.").

**AFFIRMED.**